## BURTON ROBINSON and Wife v. ANTHONY INGRAM and JEMIMA INGRAM, Administrators of John Ingram.

Supreme Court. Sussex.   October, 1799.

*Wilson's Red Book, 259.*\*

*Bayard,* for plaintiff, moved to strike out the pleas in abatement for want of an affidavit, 4 Bac.Abr. 51; no dilatory plea is to be received unless on oath and probable cause shown to the court.   The same doctrine is laid down in same book, p. 138, where the 4 & 5 Anne, c. 16, receives the same construction.   A plea in abatement (after *oyer*) that the writ was never returned was set aside because there was no affidavit to verify that fact, 1 Str. 639.   So also the rule extends even to criminal proceedings, 3 Burr. 1617.   A plea in abatement for wrong addition was set aside for want of the necessary affidavit.

*Wilson,* for defendants, abandoned the third plea as being evidently matter in bar, but contended that it was not necessary to make affidavit where the truth of the plea is apparent to the court, as want of addition etc., Tidd Pr. 182.   The words of the Statute, 4 & 5 Anne c. 16, s. 11, are "unless the party offering such plea do, by affidavit, prove the truth thereof, or show some probable matter to the court to induce them to believe etc." *ibid.,* and 1 Com.Dig. 89.   The Statute is in the disjunctive and misrecited in both the pages of Bac.Abr. cited.   It is not neces-

---

\* For later proceedings in this case see below, *Wilson's Red Book, 312.*

sary to make affidavit when probable matter is otherwise shown, and sometimes the proceedings themselves will demonstrate the truth of the plea, in which case neither the words, nor meaning of the statute, nor reason, require an affidavit. The case cited from 3 Burr. was not of the want of addition, which would have appeared on the face of the indictment and would then have required no affidavit, but it was a case of wrong; and the plea of abatement therefore set forth another addition as the true one, which being a matter of fact not appearing on the record, it ought to have been verified by affidavit. So in the case cited out of Str. 639, the court go upon the principle that *oyer* of the writ was not also *oyer* of the return, and therefore a plea in abatement for want of a return after *oyer* of the writ only should be verified by affidavit, for there may be a return which is not shown upon this *oyer*. Both those cases show that if the probable matter had been apparent on the record, affidavit would have been unnecessary.

In the case now before the Court, everything represented in the first and second pleas as grounds for abatement of the writ appear on the face of the writ of *scire facias,* at least as to the first plea, for the defendants are sued as administrators.

*N. B.* Affidavit cannot be made after objection, 2 Dall. 184.

PER CURIAM. JOHNS, C. J. The third plea was properly abandoned. With regard to the first and second pleas, we are of opinion that they contain matters of fact that are not disclosed and, as not verified by affidavit, must be struck out.

The CHIEF JUSTICE observed that he thought those same objections might be made on demurrer.[1]

---

[1] For argument on demurrer see below, *Wilson's Red Book, 312.*